```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

MAUREEN OTTOSON,

                    Plaintiff,
                                              13 Civ. 1521 (RWS)
      - against -
                                                   OPINION

SMBC LEASING AND FINANCE, INC., DAVID
WARD, AND LISA SAVINON


                    Defendants.

-----------------------------------------X

A P P E A R A N C E S:

      Attorneys for Plaintiff

      THE DWECK LAW FIRM, LLP
      10 Rockefeller Plaza
      New York, New York 10020
      By:  Corey Stark, Esq.

      Attorneys for Defendants

      PROSKAUER ROSE LLP
      11 Times Square
      New York, New York 10036
      By:  Andrew E. Rice, Esq.
           Lloyd B. Chinn, Esq.
```



**Sweet, D.J.**

Plaintiff Maureen Ottoson ("Plaintiff" or "Ottoson") filed a letter motion seeking to compel Defendants SMBC Leasing and Finance, Inc. ("SMBC"), David Ward ("Ward") and Lisa Savinon ("Savinon," and collectively with Ward and SMBC, "Defendants") to produce a Rule 30(b)(6) witness to answer questions regarding SMBC's bonding insurance practices. Defendants oppose the motion, contending that a deposition is unreasonably duplicative and cumulative, in light of the discovery already provided on this topic. Based upon the conclusions set for below, Plaintiff's motion to compel is granted.

**Prior Proceedings**

In this discrimination and retaliation case, Plaintiff alleges that Defendants discriminated against her due to a perceived disability. See generally, Compl. ¶¶ 1, 12, 14-16, 30-55. Plaintiff's mother purportedly suffered from agoraphobia and depression, and Plaintiffs alleges that a "bonding insurance report," also referred to as a "government/insurance report" (hereinafter the "Report") incorrectly reflected that Plaintiff,

1

instead of her mother, suffers from agoraphobia and depression. Id.

Plaintiff claims that Defendants received the erroneous Report and began to discriminate against her on the basis of her perceived disabilities. Plaintiff refers to "a non-party JOHN DOE, her Manager" in a previous consulting role she had at JP Morgan. Compl. ¶ 17. She alleges that "JOHN DOE disclosed to Ms. Ottoson the existence of . . . the Report given to JP Morgan's Human Resource department" containing the false mental health information, including the misattribution of Plaintiff's mother's mental health issues to Plaintiff. See id. ¶ 18-21. Plaintiff alleges that SMBC, after hiring her, obtained a copy of the same Report identified by JOHN DOE by running a background check on Plaintiff. See id. ¶ 29. According to the Complaint, Plaintiff "requested access to her [SMBC] human resources file" and "any and all background reports or insurance reports contained in the human resources file." Id. ¶ 38. Upon reviewing the file, Plaintiff allegedly found that it "did not contain the Report or any background check or government/insurance report. Id. ¶ 43.

During discovery in this case, Plaintiff previously sought information regarding Defendants' bonding insurance

policies and practices through interrogatories, which Defendants resisted. <u>See</u> Plaintiff's Letter to the Court dated April 24, 2014; Defendants' Letter to the Court dated May 5, 2014. The Court previously granted Plaintiff's motion to compel Defendants to answer the interrogatories. <u>See</u> Court Order Endorsing Plaintiff's Letter entered May 9, 2014.

Plaintiff now seeks to compel the production of a 30(b)(6) witness to testify on issues concerning Defendants' practices and policies with respect to bonding insurance and the Report. <u>See</u> Plaintiff's Letter to the Court dated March 31, 2015 (hereinafter "Pl.'s Mar. 31 Ltr.") 2. Defendants object, contending that a deposition is unreasonably cumulative or duplicative under Rule 26(b)(2)(C)(i). <u>See</u> Defendants' Letter to the Court dated April 10, 2015 (hereinafter Defs.' Apr. 10 Ltr.") 1.

**<u>The Motion to Compel Is Granted</u>**

"[P]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad

3

concept." Condit v. Dunne, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Nunez v. City of New York, No. 11 Civ. 5845, 2013 WL 2149869, at *2 (S.D.N.Y. May 17, 2013). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, under Rule 26(b)(2)(C)(i) of the Federal Rules of Civil Procedure, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative."

Defendants have provided the following chronology with respect to this discovery dispute and Plaintiff has not challenged its factual accuracy:

> On January 28, 2014, Plaintiff initially sought, through an Interrogatory, the identity of "all Bonding Insurance companies which Defendants had business dealings with in relation to Plaintiff's employment." After Defendants objected to this Interrogatory, primarily because they did not understand what Plaintiff was seeking, Plaintiff's then-counsel (Jesse Rose) clarified on March 6, 2014 that Plaintiff wanted to know whether Defendants obtained or sought to obtain bonding insurance in connection with Plaintiff's employment. Mr.

4

Rose specifically stated that if Defendants answered this question in the negative, it would end the inquiry.

On March 25, 2014, Defendants confirmed via email that "individual employees are not listed on SMBC's bonding insurance policies; in other words, SMBC did not obtain or seek to obtain bonding insurance in connection with Plaintiff's employment."

On March 26, 2014, Mr. Rose asked a new, different question via email: whether Defendants could "represent that no documents were ever received by [Defendants] from a bonding insurance company relating to Ms. Ottoson." Defendants responded the same day indicating that they had provided all documents received by Defendants from any third party relating to Plaintiff.

On March 31, 2014, Mr. Rose further broadened the inquiry, requesting by email "the identification of all bonding insurance companies utilized by [Defendants] while Ms. Ottoson was employed, regardless of [whether] she was individually bonded or if she was covered by an umbrella policy." Defendants objected to this new inquiry, and after the parties failed to resolve the dispute, Plaintiff filed a motion to compel.

On May 8, 2014, [this Court] granted Plaintiff's motion to compel a response to the March 31 inquiry and ordered Defendants to provide the names of bonding insurers used by [SMBC] during Plaintiff's employment. Defendants complied on May 13, 2014, and thereafter, Mr. Rose issued subpoenas to the insurance companies. The subpoenas returned nothing related to Plaintiff or the alleged "report."

5

Defs.' Apr. 10 Ltr. 1-2; see also Plaintiff's Letter to the Court dated April 27, 2015 (hereinafter "Pl.'s Apr. 27 Ltr.) 1-2 (taking issue with Defendants' second letter in opposition to her motion to compel, but not discussing Defendant's chronology in their first opposition letter).

The proposed deposition topics are not duplicative or cumulative in light of the above chronology. Through the deposition, Plaintiff seeks to question Defendants about: (1) all of the bonding insurance SMBC had during Plaintiff's tenure; (2) SMBC's policies and/or practices concerning notifying its bonding Insurance providers of that it has hired new personnel; (3) all written communications including, but not limited to, bonding reports that SMBC receives from its bonding Insurance providers in response to SMBC hiring new personnel; and (4) SMBC's retention policy concerning all communications that SMBC sends to, or receives from, its bonding Insurance providers. See Notice of Deposition Upon Oral Examination Pursuant to Fed. R. Civ. P. 30(b)(6) attached to Pl.'s Apr. 1 Ltr. These topics are distinct from previous inquiries, which focused more narrowly on bonding insurance as it specifically pertains to Plaintiff.[1]

---

[1] In addition to their initial letter in opposition to the instant motion, Defendants filed a second Letter to the Court, dated April 24, 2015 (hereinafter "Defs.' Apr. 24 Ltr.), containing troubling allegations about

6

## Conclusion

Upon the conclusions set forth above, Plaintiff's motion to compel is granted. Discovery shall be reopened to permit the taking of this deposition.

It is so ordered.

New York, NY
July 29, 2015

                                              ROBERT W. SWEET
                                                   U.S.D.J.

---

Plaintiff's conduct in this matter. These allegations including Plaintiff's purported failure to comply with discovery obligations, privilege waiver, witness coercion, and fraud on the Court. Since the allegations do not substantiate Defendants' position that the deposition is cumulative or duplicative of earlier discovery, they are not addressed at length here. Defendants may, however, make a separate motion on the basis of those allegations should they choose to do so.